UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMP SAN DIEGO, LLC,<br><br>                                 Plaintiff,<br><br>v.<br><br>JANAY KRUGER, as an individual, and KRUGER DEVELOPMENT COMPANY, a California Corporation,<br><br>                                Defendants. | Case No.: 3:14-cv-1533-CAB-(BLM)<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 37] |

This matter is before the Court on Defendants' motion for summary judgment. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. Because the undisputed facts demonstrate that Plaintiff's claims are barred by the applicable statute of limitations, the motion is granted.

**I.    Background**

The material facts here are undisputed. In March 2011, Jump SD retained Defendants Janay Kruger and Kruger Development Company (together, "Kruger") to provide land-use consulting advice related to locating a suitable site for Jump SD's trampoline business. In December 2011, Kruger advised Jump SD that an industrial space located at 8190 Miralani Drive in San Diego (the "Property") "was properly zoned for

1

Plaintiff's business, would not require any additional permits and was otherwise appropriate for Plaintiff's business without the need for any significant administerial processes with the City of San Diego." [Doc. No. 1 ¶ 14; *see also* Doc. No. 22 ¶ 14.] In January 2012, Jump SD executed a ten-year lease for the Property (the "Lease"). [Doc. No. 1 ¶ 12; Doc. No. 22 ¶ 15.] Jump SD "would not have executed the Lease but for Defendants' land-use consulting advice." [Doc. No. 22 at ¶ 23.]

In or before February 2012, Jump SD's broker Evan McDonald conveyed to Jump SD that the zoning for the Property did not permit Jump SD's intended use. [Doc. No. 37-2 at 92-93; Doc. No. 1 ¶ 15; Doc. No. 22 ¶ 16.] Jump SD was informed that the Property "would require additional permits and was not otherwise appropriate for Plaintiff's business requiring significant administerial work with the City of San Diego." [Doc. No. 1 ¶ 15.] This work included obtaining a Conditional Use Permit ("CUP"). [Doc. No. 1 ¶ 16; Doc. No. 22 ¶ 17.]

In February 2012, Jump SD retained attorney Paul Robinson "to obtain entitlements from the City of San Diego to operate the trampoline business, which resulted in Jump seeking a CUP." [Doc. No. 38 at 6.] In April or May 2012, Jump SD hired land-use consultant Karen Ruggels to assist in the processing of a CUP for the Property. [Doc. No. 37-2 at 8-11; Doc. No. 38 at 6.] Ruggels' first invoice to Jump SD, dated June 4, 2012, totaled $4,398.13 for work she performed in May 2012 in connection with obtaining a CUP for the Property. [Doc. No. 37-2 at 21.] On May 17, 2012, Jump SD made a deposit of $5,000 to the City for processing of its CUP application, and on June 19, 2012, Jump SD submitted the CUP application itself. [*Id.* at 18-23; Doc. No. 6-1 at 4-8.] On June 20, 2012, Jump SD made another payment, this time for $8,618, to the City in connection with its CUP application. [Doc. No. 37-2 at 25-30; Doc. No. 6-1 at 10.]

On June 25, 2014, Jump SD filed its original complaint in this action, asserting claims for negligence, negligent misrepresentation, and breach of contract. This court granted Kruger's motion to dismiss that entire complaint as time-barred, but the Ninth Circuit reversed, finding that the record did "not conclusively establish when Jump first

sustained damages." After remand, Jump SD filed the operative first amended complaint ("FAC"), asserting claims for negligence and breach of contract. Fact discovery is now complete, and Kruger moves for summary judgment on the grounds that Jump SD's claims are time-barred.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). To avoid summary judgment, disputes must be both 1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and 2) genuine, meaning the evidence must be such that a reasonable judge or jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. Discussion

Neither party disputes that a two year statute of limitations applies to both of Plaintiff's claims. The only question is when the statute of limitations clock began to run. "Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1317 (Cal. Ct. App. 2007) (internal quotation marks omitted). However, "[t]he discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* at 1318 (internal quotation marks omitted). Here, this means that Jump SD's claims arising out of Kruger's allegedly negligent advice did "not accrue until the plaintiff (1) sustain[ed] damage and (2) discover[ed], or should [have] discover[ed], the negligence." *Roger E. Smith, Inc. v. SHN Consulting Eng'rs & Geologists, Inc.*, 89 Cal. App. 4th 638, 650-51 (Cal. Ct. App. 2001). "While '[t]he mere

breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm not yet realized does not suffice to create a cause of action for negligence,' an action accrues, and the statute begins to run, as soon as the plaintiff suffers 'appreciable harm' from the breach." *Id.* at 651 (quoting *Budd v. Nixen*, 6 Cal. 3d 195, 200 (1971)). It is "the fact of damage rather than the amount [that] is the relevant consideration." *Adams v. Paul*, 11 Cal. 4th 583, 589 (1995).

Here, Jump SD concedes that all elements of Jump SD's claims, except for damages, had accrued before June 25, 2012 (two years before the original complaint was filed). [Doc. No. 38 at nn. 1, 3.] The only dispute at issue in this motion is whether Jump SD had sustained damages before that date. "Situations in which the plaintiff discovers the negligence before he actually sustains damages are unusual." *Id.* This is not one of those unusual situations. Jump SD's claims are premised on Kruger's advice that "the Property was properly zoned for Jump SD's business," and that such advice was incorrect because Jump SD had to obtain a CUP. [Doc. No. 1 at ¶¶ 13-16; Doc. No. 22 at ¶ 14-17.] In reliance on Kruger's allegedly erroneous advice, Jump SD executed a lease on the Property that it would not otherwise have executed. In other words, Jump SD incurred liabilities (payments under the Lease) that it would not have incurred but for Kruger's advice. *Cf. Foxborough v. Van Atta*, 26 Cal. App. 4th 217, 227 (1994) ("[W]hen malpractice results in . . . the imposition of a liability, there has been actual injury regardless of whether future events may affect the permanency of the injury or the amount of monetary damages eventually incurred."). Further, a lease on property that does not require additional permitting is more valuable than one that does require permitting. Thus, the Lease Jump SD signed in reliance on Kruger's advice was worth less than Jump SD believed based on Kruger's advice. Because of Kruger's alleged negligence, to open its trampoline business after executing the Lease, Jump SD had "to resort to the more onerous, expensive, and unpredictable task of obtaining [a CUP and complying with other zoning requirements], the very situation it hired [Kruger] to avoid." *Id.* at 227.

Whether the measure of Jump SD's damages equals part of Jump SD's rent payments under the Lease, the expenses incurred in connection with obtaining the CUP, or something else, Jump SD sustained damages the moment it executed the Lease in reliance on Kruger's advice because at that point Jump SD was stuck with a contractual obligation that it would not have had but for Kruger's alleged negligence.[1] "Neither uncertainty of amount nor difficulty of proof renders that injury speculative or inchoate." *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*, 18 Cal. 4th 739, 744 (1998); *cf. Foxborough,* 26 Cal. App. 4th at 226 ("The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence. Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.") (quoting *Budd*, 6 Cal. 3d at 201). At a minimum, Jump SD paid more for the Lease than it would have had it known that it would also have to incur expenses relating to obtaining a CUP. Jump SD did not have to actually obtain a CUP or actually pay expenses related thereto to have sustained these damages. Jump SD could have sued Kruger for actual damages as soon as it discovered that her advice was incorrect.[2]

Regardless, even assuming Jump SD had not sustained damage simply by executing the Lease, there is no dispute Jump SD incurred expenses related to obtaining a CUP at least as early as May 2012. Indeed, in its opposition, Jump SD admits that it hired Karen

---

[1] Jump SD's argument that the statute of limitations did not start to run until Jump SD discovered that its expenses would exceed what it had anticipated paying for its trampoline business is incorrect. First, with respect to the breach of contract claim, Jump SD suffered damages insofar as what it paid (or was obligated to pay) Kruger for allegedly bad advice, and became aware of these damages as soon as it discovered that Kruger's advice was wrong. Second, Jump SD's anticipated total cost to open its trampoline business is irrelevant to whether it suffered damages resulting from Kruger's negligence. If Jump SD was forced to incur expenses that it would not have incurred but for Kruger's negligence, it suffered damages even if its total costs to open its trampoline business were less than it anticipated.

[2] Although Jump SD had sustained damages as soon as it executed the Lease in reliance on Kruger's advice, it had yet to discover Kruger's negligence at that point. The statute of limitations did not begin to run until Jump SD actually discovered that the Property was not properly zoned for a trampoline business, which Jump SD concedes occurred before June 25, 2012.

Ruggels to aid in processing a CUP with the City of San Diego, and that she began to prepare the application paperwork in May and June 2012. [Doc. No. 38-1 at ¶ 12.] Further, the undisputed evidence shows that on June 4, 2012, Ruggels billed Jump SD for $4,398.13 for work she performed in May 2012 in connection with the CUP application. Based on the FAC, if not for Kruger's allegedly erroneous advice, Jump SD would not have incurred these expenses because it would not have entered into the Lease for the Property. Jump SD even admitted in the original complaint that but for Kruger's advice, it would not have incurred significant "consulting fees." [Doc. No. 1 ¶ 17.] Accordingly, the undisputed evidence proves that Jump SD sustained damages prior to June 25, 2012. Because Jump SD concedes that it had already discovered Kruger's negligence as of that date, her claims are barred by the statute of limitations.

**IV. Conclusion**

For the foregoing reasons, Kruger's motion for summary judgment is **GRANTED**. The Clerk of Court shall enter **JUDGMENT** in favor of Defendants and against Plaintiff and **CLOSE** this case.

It is **SO ORDERED**.

Dated: December 7, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

6
3:14-cv-1533-CAB-(BLM)